UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEONARD P. WLODARCZYK,

                Plaintiff,

**Hon. Hugh B. Scott**

15CV456A

                v.

**Order**

CAROLYN W. COLVIN,
Commissioner of Social Security,

                Defendant.

     Before the Court is defendant's motion to dismiss the Complaint (Docket No. 4) based upon the timeliness of plaintiff's administrative appeal and in commencing this action. Responses to this motion initially were due by September 9, 2015 (Docket No. 6), but were extended (see Docket No. 7) to September 23, 2015, with replies due by October 1, 2015 (Docket No. 8). Plaintiff filed his response (Docket No. 9), defendant replied (Docket No. 11), and this Court scheduled oral argument for October 7, 2015 (Docket No. 10). Upon review of the moving papers to date, this Court now **requires further briefing** and the oral argument scheduled for October 7, 2015, **is adjourned** (see Docket No. 12) and this Court may reschedule (if necessary) following these further submissions.

BACKGROUND

Unlike many Social Security cases, this is a remanded case. Plaintiff is a claimant for disability and Supplemental Security Income benefits, for disabilities that allegedly began on November 27, 2001 (Docket No. 1, Compl. ¶ 4).

*Initial Application*

The Administrative Law Judge (or "ALJ") had his initial hearing on this case in June 13, 2006, and rendered a decision on August 14, 2006, denying plaintiff's claim (id. ¶ 5). Plaintiff appealed to the Appeals Council which, on September 5, 2008, declined review (id. ¶ 6). Plaintiff then sought judicial review and this Court reversed and remanded this claim to defendant Commissioner, Wlodarczyk v. Astrue, No. 08CV785, Docket No. 11 (Skretny, Ch. J.) (Order of Mar. 11, 2010) (Docket No. 1, Compl. ¶¶ 7, 8 (referring to Judgment of March 15, 2010); Docket No. 4, Decl. of Roxie Rasey Nicoll, Chief of Court Case Preparation and Review Branch 4, Ex. 1, ALJ decision at page 1 of 11).

*On Remand*

On April 26, 2010, after remand to the Appeals Council, that body remanded this case to the Administrative Law Judge (Docket No. 1, Compl. ¶ 9). A second hearing was held before the Administrative Law Judge and he rendered a decision on February 23, 2011, partially in favor of plaintiff, denying him disability benefits but granting his application for Supplemental Security Income benefits as of September 15, 2010 (id. ¶ 10; see Docket No. 4, Nicoll Decl., Ex. 1). The Notice of Decision submitted by the Administrative Law Judge here stated that if plaintiff disagreed with the decision, plaintiff or his representative "may submit written exceptions to the Appeals Council. 'Written exceptions' are your statements explaining why you

disagree with my decision" (Docket No. 4, Nicoll Decl., Ex. 1, Notice of Decision—Partially Favorable). Exceptions were to be sent to the Appeals Council, at its Falls Church, Virginia, office and the time limit for filing was "within 30 days of the date you get this notice" with the Appeals Council assuming that the notice was received within five days of the date of the notice (id. at 1), see 20 C.F.R. §§ 404.984(b)(1) (disability benefits), 416.1484(b)(1) (Supplemental Security Income). If plaintiff did not file written exceptions and the Appeals Council did not review the decision of the Administrative Law Judge, that decision became the final decision of the Commissioner after 61 days from the February 23, 2011, notice of decision; plaintiff then would have 60 days from then to seek judicial review with this Court (id. at 2), 20 C.F.R. §§ 404.984(d), 416.1484(d). The notice stated that there would not be a further notice informing plaintiff of his right to seek judicial relief (id.; Docket No. 11, Def. Reply at 2) and it said that plaintiff "would lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision became final. However, you can ask the Appeals Council to give you more time to file a civil action." (Docket No. 4, Nicoll Decl. Ex. 1, at 2).

Under the regulations for court remanded cases, the Appeals Council may decide to review the remanded Administrative Law Judge's decision even if the claimant does not file exceptions, providing notice to all parties of the Council's assumption of jurisdiction, 20 C.F.R. §§ 404.984(c), 416.1484(c); the regulations apparently do not require the Appeals Council to announce when it declines to assume jurisdiction over a remanded case. If a claimant files written exceptions, the Appeals Council "may assume jurisdiction at any time, even after the 60-day time period which applies when you do not file exceptions," 20 C.F.R. §§ 404.984(b)(3), 416.1484(b)(3).

3

This process differs from typically reviewed cases where the Administrative Law Judge denies a claimant disability benefits.  There, a claimant has 60 days after receipt of the notice of the hearing decision or dismissal to file a request for review by the Appeals Council, 20 C.F.R. §§ 404.968(a) (disability benefits), 416.1468(a) (Supplemental Security Income).  If the typical scenario were applied here and without application for extensions, a timely review of the Administrative Law Judge's February 23, 2011, decision would be due by Monday, April 25, 2011, since the sixtieth day was Sunday, April 24, 2011, see Fed. R. Civ. P. 6(a)(1)(B) (time calculation and ending weekend dates).

Under the remanded case scenario, the timely exceptions were due by March 25, 2011, without factoring the five days for receipt of the Administrative Law Judge's notice (see Docket No. 4, Def. Memo. at 1).

On April 19, 2011, plaintiff submitted "a formal request for the Appeals Council to review his hearing decision" (Docket No. 9, Pl. Atty. Decl. ¶ 8, Ex. A), including a "Request for Review of Hearing Decision/Order" and submitting additional medical evidence (id., Ex. A).  Plaintiff then supplemented this material on May 17, 2011 (id. ¶ 9, Ex. B; see also id. ¶¶ 10, 11, Exs. C, E).  Plaintiff here did not seek additional time either to file before the Appeals Council or to seek judicial review.  Plaintiff later wrote to the Appeals Council in 2011-13 to follow up upon this review, seeking copies of the transcript of the hearing before the Administrative Law Judge (id., ¶¶ 11, 12, Exs. D, F, G, H, I, J, K), but received no word from the Appeals Council as to the status of the matter (id. ¶¶ 11, 12, Exs. F-J).  On November 14, 2013, plaintiff's counsel spoke with a staff member of the Appeals Council who claimed that the appeal was still pending (id. ¶ 13; see id. Exs. K (letter from plaintiff's counsel to Appeals Council following

4

conversation with staff member), L). On May 6, 2014, for example, plaintiff's counsel noted that the Appeals Council did not have plaintiff's case listed in its electronic database (id. Ex. L). Plaintiff continued to write to the Appeals Council (id. ¶ 14, Exs. L, M). Plaintiff argues that he was led to believe that his appeal was pending since 2011, until March 24, 2015, when the Appeals Council denied the appeal (id. ¶ 15) on timeliness grounds (Docket No. 1, Compl. ¶ 25; see Docket No. 4, Nicoll Decl. ¶ 3(c)).

Meanwhile, defendant contends that the plaintiff filed exceptions to the Administrative Law Judge's February 23, 2011, decision (Docket No. 4, Nicoll Decl. ¶ 3(a)), the exceptions filed on April 19, 2011 (Docket No. 4, Def. Memo. at 1). Defendant notes that agency records do not reveal any exceptions being filed until July 16, 2013 (Docket No. 4, Def. Memo. at 2 n.1; Docket No. 4, Nicoll Decl. ¶ 3(b)). The Administrative Law Judge's notice of his decision gave plaintiff thirty days (plus five days factoring in time for his receipt), or by March 30, 2011, to file timely exceptions to the Appeals Council (Docket No. 4, Nicoll Decl., Ex. 1; Docket No. 4, Def. Memo. at 4).

On January 20, **2015**, the Appeals Council wrote to plaintiff's counsel stating that it received exceptions from plaintiff on July 16, 2013 (Docket No. 4, Nicoll Decl. ¶ 3(b)), over two years after plaintiff claims to have submitted his exceptions. On March 24 and May 26, 2015, the Appeals Council found that those exemptions were not timely filed and plaintiff's proceeding was dismissed (id. ¶ 3(c), Ex. 2).

Roxie Rasey Nicoll, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration, is responsible for processing Social Security proceedings filed in New York

State and supervised the examination of plaintiff's record here (Docket No. 4, Nicoll Decl. ¶ 3, and at page 1). She reports that no request for extension of time was filed by plaintiff with the Appeals Council (id. ¶ 3(d)).

Plaintiff filed this action on May 22, 2015 (Docket No. 1), seeking judicial review of the Administrative Law Judge's decision that plaintiff was not disabled for disability benefits (id. ¶ 25). Four days later, the Appeals Council sent its letter rescinding the March 2015 decision and found that exemptions were not timely filed and plaintiff's proceeding was dismissed (id. ¶ 3(c), Ex. 2).

Defendant argues that plaintiff's exceptions to the Appeals Council were not timely when filed on April 19, 2011 (Docket No. 4, Def. Memo. at 4). Alternatively, if plaintiff did not file exceptions to the Administrative Law Judge's decision and absent review by the Appeals Council, he had 60 days (or by June 13, 2011[1]) to file suit in this Court to judicially review that decision (id. at 4-5). Defendant denies that there is a toll for this 60-day limitation under 42 U.S.C. § 405(g).

In reply, defendant contends that there was no timely exception filed with the Appeals Council and the Appeals Council did not review the Administrative Law Judge's decision (Docket No. 11, Def. Reply Memo. at 2). To defendant, plaintiff missed "both the deadline for filing exceptions and then the deadline for filing a civil action" (id. at 3), and argues that there was no tolling of the 42 U.S.C. § 405(g) limitations period for filing this action (id. at 4), denying that Appeals Council erroneous representations in 2013 do not explain plaintiff's failure to file timely in 2011 (id. at 3).

---

[1] See note 2 below; defendant erroneously indicated the date for the Administrative Law Judge's decision ten days prior to that date, defendant probably means June 23, 2011, for the judicial filing deadline.

DISCUSSION

At issue is whether plaintiff filed a timely application to review the decision of the Administrative Law Judge to the Appeals Council to preserve his right to seek judicial review before this Court, or whether plaintiff filed this action timely under 42 U.S.C. § 405(g) and relevant Social Security regulations.  A timeline demonstrates the situation:

| | |
|---|---|
| February 23, 2011[2] | Administrative Law Judge renders his Decision ("Decision") |
| March 30, 2011 | 30 days (plus 5 for mailing) for timely exceptions to the Decision to the Appeals Council |
| April 19, 2011 | Plaintiff's exceptions to the Appeals Council (55 days from Decision) |
| April 25, 2011 | Sixty-first day from the Decision, becoming the final decision of Commissioner; start of period for judicial review |
| June 24, 2011 | Last day for timely judicial review of the Decision, 60 days from date became final |
| July 16, 2013 | Appeals Council claims received plaintiff's exceptions to Decision |
| March 24, 2015 | Appeals Council finds plaintiff did not file timely exceptions to Decision |
| May 22, 2015 | Plaintiff files this Complaint, Docket No. 1 |
| May 26, 2015 | Appeals Council set aside March 24, 2015, decision, and find that plaintiff did not file timely exceptions to Decision |

Plaintiff thus filed exceptions with the Appeals Council outside of the 30-day period for them in court remanded cases, but within 60 days that would be timely for an ordinary appeal of

---

[2] Defendant erroneously says that this date was February **13**, 2011, Docket No. 4, Def. Memo. at 2, which throws off by 10 days the subsequent deadlines.  The correct dates are indicated above.

an initial Administrative Law Judge decision. It appears that plaintiff did not request extensions of time either to file before the Appeals Council or to sue this action before this Court.

The Appeals Council, however, did not note the untimeliness of plaintiff's April 2011 exceptions until four years later. From plaintiff's correspondence to the Appeals Council (Docket No. 9, Pl. Atty. Decl., Exs. D, F-M), it appears that the Appeals Council did not either receive the April 2011 exceptions, or acknowledge them, or act upon them. Plaintiff made repeated requests (id.) for the transcript of the Administrative Law Judge's hearing and it is not clear that plaintiff ever received it. Defendant claims that the earliest exceptions from plaintiff here were from July 2013 which the Appeals Council did not address until 2015 (Docket No. 4, Nicoll Decl. ¶ 3(b), Ex. 2). The Appeals Council did not sua sponte review the Administrative Law Judge's decision here and did not notify the parties of its intention not to review that decision (a notice not required by the regulations). Instead, the Appeals Council dismissed the case four years later on timeliness grounds.

For a case remanded by this Court, the final decision of the Administrative Law Judge on remand becomes the final decision of the defendant Commissioner "unless the Appeals Council assumes jurisdiction of the case," doing so either on the basis of the claimant's written exceptions or on its own, 20 C.F.R. §§ 404.984(a), (c), 416.1484(a), (c). If the claimant disagrees, in whole or in part, with the Administrative Law Judge's post-remand decision, he or she may file written exceptions within 30 days of the notice of that decision, or seek an extension of that time from the Appeals Council, id., §§ 404.984(b)(1), 416.1484(b)(1).

QUESTIONS PRESENTED

Further briefing by the parties is sought to answer the following questions:

When did plaintiff file his request for review with the Appeals Council? Did the Appeals Council receive that exception? What document do the parties claim is the exception at issue? Is the exception at issue the one dated April 19, 2011?

Was plaintiff timely in seeking this review before the Appeals Council?

Is plaintiff timely in seeking judicial review in this case?

Is there equitable tolling of the exceptions deadline (to allow for this Court's review), and, if so, what is the basis for that tolling?

CONCLUSION

For the reasons stated above, the parties are to brief the issues discussed herein and file their respective brief on **October 16, 2015**. Oral argument of defendant's motion to dismiss (Docket No. 4) will be determined upon review of these responses.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 6, 2015