```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

LEONARD P. WLODARCZYK,

      Plaintiff,

  -vs-

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

      Defendant.

1:15-CV-00456 (MAT)
**DECISION AND ORDER**

## I. Introduction

Plaintiff Leonard P. Wlodarczyk ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), alleging that defendant Nancy A. Berryhill, the Acting Commissioner of Social Security ("Commissioner" or "defendant"), improperly denied his applications for disability insurance benefits and supplemental security income. Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The parties' motions were referred to Magistrate Judge Hugh B. Scott for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

On June 19, 2017, Judge Scott issued an R&R (Docket No. 31) recommending that plaintiff's motion be granted to the extent that the matter be remanded for further administrative proceedings and that defendant's motion be denied. For the reasons discussed below,

the Court agrees with Judge Scott's findings and adopts the R&R in its entirety.

## II. Discussion

### A. Legal Standard

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections or only general objections are made, the district judge reviews the report and recommendation for clear error or manifest injustice. *See, e.g., DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Plaintiff's Arguments and Judge Scott's R&R

In support of his motion for judgment on the pleadings, plaintiff contended that the administrative law judge's ("ALJ") decision finding him not disabled was not supported by substantial evidence and was based on legal error. In particular, plaintiff argued that the ALJ improperly rejected the opinion of his treating physicians, improperly found his testimony not credible, improperly evaluated his combination of impairments, and improperly concluded that he could perform sedentary work prior to September 15, 2010.

In his R&R, Judge Scott largely rejected plaintiff's arguments. Judge Scott found that the ALJ had appropriately weighed the opinions of plaintiff's treating physicians, and had adequately fulfilled his obligation to develop the record with respect to the same. Judge Scott further found that the ALJ's credibility determination was supported by substantial evidence.

However, Judge Scott ultimately determined that remand of this matter for further administrative proceedings was necessary because the ALJ had failed to make specific findings with respect to whether plaintiff's non-exertional limitations would permit him to perform sedentary work. In particular, Judge Scott found that the ALJ had not adequately explained why the visual limitations incorporated into the ALJ's residual functional capacity finding would erode the light occupational base, but not the sedentary occupational base. Accordingly, Judge Scott recommended that plaintiff's motion be granted "on the limited basis of the ALJ's conclusions regarding plaintiff's ability to perform sedentary work." Docket No. 31 at 18.

C. **The Commissioner's Objections**

The Commissioner has filed objections to Judge Scott's R&R, arguing that the applicable social security rulings ("SSRs") compel the conclusion that plaintiff's visual impairments (namely, the loss of vision in his left peripheral field, as the result of a previous stroke) would not significantly erode the sedentary occupational base. The Commissioner points specifically to SSR 96-9p, which states that a need to avoid all exposure to hazards such

as exposed heights and moving mechanical parts does not, by itself, significantly erode the sedentary occupational base; SSR 85-15, which states that a person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is "an example of someone whose environmental restriction does not have a significant effect on work that exist at all exertional levels"; and SSR 83-14, which observes that "the overwhelming majority of sedentary jobs are performed indoors." *See* Docket No. 32 at 5. The Commissioner further argues that the testimony of a vocational expert ("VE") from a hearing held in 2006 confirms this point, because that VE testified that the loss of the left peripheral visual field would restrict an individual from some light jobs, but would leave the full unskilled sedentary occupational base intact. Finally, the Commissioner argues that, even assuming the ALJ did commit an error, the error was harmless, because there is no plausible way in which the ultimate conclusion could have been different.

In response to the Commissioner's objections, plaintiff argues that the Commissioner has misapprehended the extent of plaintiff's visual limitations. Plaintiff points out that SSR 96-9p acknowledges that visual limitations may erode the sedentary occupation base if, for example, the individual in questions is "not able to avoid ordinary hazards in the workplace such as boxes on the floor, doors ajar, or approaching people or vehicles." Docket No. 34 at 2. Accordingly, plaintiff urges the Court to

adopt the R&R and to remand the case for further administrative proceedings.

**D. Analysis**

The Court has considered the record and the Commissioner's objections *de novo*, and concurs with Judge Scott that remand of this matter is necessary. As Judge Scott correctly found, the ALJ failed to sufficiently consider whether plaintiff's visual limitations would significantly erode the sedentary occupational based.

Visual impairments such as plaintiff's result are considered non-extertional limitations. *See, e.g., Sergenton v. Barnhart,* 470 F. Supp. 2d 194, 202 (E.D.N.Y. 2007) ("Vision impairments are considered nonexertional limitations.") (internal quotation omitted); *Whittaker v. Comm'r* of Soc. Sec., 307 F. Supp. 2d 430, 439 (N.D.N.Y. 2004) ("poor visual acuity" is a non-exertional limitation). "When evaluating significant non-exertional impairments that limit the range of sedentary work that the claimant can perform, . . . a vocational expert is necessary to assess the claimant's residual functional capacity for meaningful employment opportunities." *Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 202 (E.D.N.Y. 2007).

The Court agrees with plaintiff that his specific visual impairments (loss of vision in his left peripheral field) could potentially impact his ability to observe and avoid hazards in the workplace. Accordingly, the ALJ was required to solicit testimony

from a VE regarding the impact of his non-exertional limitations, and to expressly consider whether they would result in erosion of the sedentary occupational base. He did not do so, and remand is therefore required.

The Commissioner points out that at an earlier hearing, held in 2006, a VE was called to testify and did in fact state that a an individual whose visual limitations prevented the operation of motor vehicles and prohibited exposure to hazards such as dangerous heights and vehicles and cranes coming from multiple directions could perform sedentary work. However, that testimony was given roughly five years prior to the issuance of the ALJ's decision, and was therefore stale. Moreover, the ALJ made no reference to this testimony in his decision, instead relying solely on the Medical-Vocational Guidelines. *See* Administrative Transcript 600-601. This Court is expressly forbidden from "creat[ing] post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Martinbeault v. Astrue*, 2009 WL 5030789, at *5 (N.D.N.Y. Dec. 14, 2009) (internal quotation omitted).

For the foregoing reasons, and having considered the issue *de novo*, the Court agrees with Judge Scott that remand of this matter for additional consideration of the impact of plaintiff's visual impairments on the sedentary occupational base is required. Accordingly, the Court adopts Judge Scott's findings and recommendation.

### C. Review of the Remainder of the R&R

With respect to the unobjected-to portions of the R&R, the Court has reviewed Judge Scott's findings and recommendations for clear error and has found none. Accordingly, the Court adopts the R&R in total.

## III. Conclusion

For the reasons set forth in Judge Scott's R&R, the undersigned adopts all of his conclusions. The R&R (Docket No. 31) is hereby adopted in its entirety. The Commissioner's motion for judgment on the pleadings (Docket No. 29) is denied and plaintiff's motion for judgment on the pleadings (Docket No. 28) is granted to the extent that the matter is remanded for further administrative proceedings. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: October 25, 2017
Rochester, New York